United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABIOLA ATINUKE BALOGUN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-2258 |
| | § | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et. al.*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss for Mootness (Document No. 12). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is an immigration matter. Plaintiff ("Plaintiff") "brings this civil action to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate her Form I-751[.]"[1] Plaintiff was granted conditional permanent residence on April 30, 2013. On April 6, 2015, Plaintiff filed Form I-751. On July 4, 2020, Plaintiff filed Form N-400, which she alleges was later approved. Plaintiff alleges that her Form I-751 has now been pending for fourteen years.

---

[1] *Plaintiff's Complaint*, Document No. 1 at 2.

Based on the foregoing, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims against Defendants United States Citizenship and Immigration Services ("USCIS"), Department of Homeland Security, Ur M. Jaddou, Alejandro Mayorkas, and Merrick Garland (collectively "Defendants") for unreasonable delay, agency action unlawfully withheld, and violation of due process.[2] Plaintiff seeks an order from this Court ordering USCIS "to adjudicate Plaintiff's I-751 within thirty (30) days[.]"[3] On July 28, 2026, Defendants moved to dismiss Plaintiff's claims contending that they are moot.[4] On July 31, 2026, Plaintiff responded in opposition.[5]

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See*

---

[2] *See Plaintiff's Complaint*, Document No. 1 at 5.

[3] *Plaintiff's Complaint*, Document No. 1 at 6.

[4] *See Defendants' Motion to Dismiss for Mootness*, Document No. 12 at 1.

[5] *See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Mootness*, Document No. 13 at 1.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

## III. LAW & ANALYSIS

Defendants contend that "this case is now moot" and move to dismiss for lack of subject matter jurisdiction.[6] In response, Plaintiff contends that "[t]his case is not moot[.]" Federal courts do not have authority over moot claims, that is, claims where "a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) (citation omitted).

Here, Defendants contend that Plaintiff's claims are moot because "[s]ince the filing of this lawsuit, the United States Citizenship and Immigration Services ("USCIS") has denied both the I-751 application and also the N-400, the Application for Naturalization."[7] In response, the Plaintiff contends that "[t]his case is not moot because USCIS issued a legally defective denial[.]"[8] Plaintiff further contends that "[a] decision issued during litigation does not moot an APA claim when the decision

---

[6] *See Defendants' Motion to Dismiss for Mootness*, Document No. 12 at 1.

[7] *Defendants' Motion to Dismiss for Mootness*, Document No. 12 at 2.

[8] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Mootness*, Document No. 13 at 2.

itself is unlawful."[9] However, Plaintiff provides no authority to support such an allegation.

Regardless, the Court has reviewed Plaintiff's Complaint and notes Plaintiff's relief sought is an order from this Court that USCIS adjudicate Plaintiff's Form I-751.[10] Furthermore, Plaintiff's Complaint relies entirely on the allegation that "USCIS's delay is unreasonable, unlawful and has caused severe harm."[11] With respect to the APA claim, Plaintiff's sole contention is that "USCIS has unlawfully withheld action required by law."[12] To the extent Plaintiff is alleging that USCIS's decision in denying her Form I-751 was unlawful, the Court notes that this allegation was not pled by Plaintiff in this matter. Plaintiff's sole allegation in this current matter regards delay, not the lawfulness of the decision.

Based on the foregoing, the Court finds that, in light of USCIS deciding Form I-751, Plaintiff's claims regarding delay are now moot. Because the only relief

---

[9] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Mootness*, Document No. 13 at 3.

[10] *See Plaintiff's Complaint*, Document No. 1 at 6. The Court notes that Plaintiff further seeks an order from this Court ordering that Plaintiff's oath ceremony be scheduled upon approval of the I-751. However, in this case, where Plaintiff's I-751 has been denied, the Court notes that this relief is not applicable.

[11] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Mootness*, Document No. 13 at 5.

[12] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Mootness*, Document No. 13 at 5.

requested in this matter is an order requiring adjudication of the Form I-751, the Court finds that Plaintiff's matter is moot in its entirety. Considering the clear precedent of the Fifth Circuit that federal courts do not have authority over moot claims, the Court finds that Plaintiff's matter should be dismissed for lack of subject matter jurisdiction, and thus, Defendants' motion should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss for Mootness (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against all Defendants are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this 28 day of September, 2026.

DAVID HITTNER
United States District Judge